UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

ALDEN PAULINE, ET AL.,

            Plaintiffs,

      vs.

DIRECTOR DOJ, ET AL.,

            Defendants.

CIV. NO. 19-00167 LEK-KJM

**ORDER GRANTING IN PART AND DENYING IN PART
DIRECTOR DOJ'S MOTION TO DISMISS COMPLAINT**

On May 6, 2019, the United States of America ("United States"), on behalf of Defendant "Director DOJ," ("the DOJ Director") filed its Motion to Dismiss Complaint ("Motion"). [Dkt. no. 12.]  Pro se Plaintiff Alden Pauline, Jr. ("Plaintiff") filed his memorandum in opposition on May 24, 2019.  [Dkt. no. 15.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  On June 28, 2019, an entering order was issued informing the parties of this Court's ruling on the Motion.  [Dkt. no. 18.]  This Order supersedes that entering order.  The United States's Motion is hereby granted in part and denied in part, and Plaintiff's claims

against the DOJ Director are hereby dismissed without prejudice, for the reasons set forth below.

**BACKGROUND**

I.    **Procedural Background**

Plaintiff is currently an inmate at Halawa Correctional Facility ("Halawa"), located in Aiea, Hawai`i. On February 8, 2019, Plaintiff filed his Complaint in the First Circuit Court, State of Hawai`i ("state court") against the United States and sixteen other defendants, relating to incidents and prison conditions that appear to have occurred at Halawa.[1] [Notice of Removal of Civil Action ("Notice of Removal"), filed 4/3/19 (dkt. no. 1), Exh. A at 4-9 (Complaint).] That same day, the state court mailed Plaintiff a copy of: the Notice for Payment of Fees stating that $315.00 was due by February 19, 2019 unless Plaintiff claimed either an

---

[1] It is not clear which correctional facility the allegations in the Complaint are based on. Plaintiff's Complaint includes his prisoner identification number and "[Oahu Community Correction Center] Mod-8" at the top left hand corner of his Complaint, yet Plaintiff's return address on the envelope addressed to the Director DOJ at the United States Attorney's Office lists the address of Halawa at 99-902 Moanalua Road, Aiea, Hawai`i 96701. See Complaint at 1; Notice of Removal, Exh. A at 10 (mailing envelope from Plaintiff to the DOJ Director); and see Halawa Correctional Facility, *available at* dps.hawaii.gov/halawa (listing address of Halawa). The Government has indicated the allegations pertain to Halawa, where Plaintiff is currently incarcerated. See Mem. in Supp. of Motion at 1, 7.

exemption from fee payments, or requested a fee waiver by submitting a motion to proceed in forma pauperis ("IFP") or a written request for a waiver of fees; the Fee Exemption Form; the Request to Proceed Without Paying Filing Fees (Form B); and a filed copy of Plaintiff's Complaint and "Motion to Proceed" to Plaintiff at his Halawa address. [Transmittal of documents to district court, filed 4/5/19 (dkt. no. 6), state court documents ("State Court Records") at 9-12.[2]] There are no further records concerning the status of Plaintiff's payment of fees in state court. On April 3, 2019, The United States removed the action to this district court pursuant to 28 U.S.C. § 1442(a)(1).[3] [Notice of Removal at ¶ 4.]

---

[2] The State Court Records is a non-consecutively paginated document; therefore, all citations refer to the page numbers assigned by the district court's electronic case filing system.

[3] Section 1442(a)(1) states:

> (a)  A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1)  The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the
> (. . . continued)

Although the Complaint was filed in state court, Plaintiff has a long history of filing actions in federal court, many of which have been unsuccessful. This Court explained to Plaintiff that he has accumulated three strikes pursuant to 28 U.S.C. § 1915(g) for filing actions that are frivolous, malicious, or fail to state claim:

> Pauline has had three or more prisoner actions dismissed as frivolous, malicious, or failing to state a claim. See, e.g., Pauline v. Tufono, et al., Civ. No. 08-00389 DAE/LEK (D. Haw. Aug. 29, 2008); Pauline v. Pali Momi Med. Ctr, et al., Civ. No. 08-00195 HG/KSC (D. Haw. June 3, 2008); Pauline v. Tufono, et al., Civ. No. 08-00194 JMS/BMK (D. Haw. June 18, 2008); and Pauline v. H.C.F. Adm'r, et al., Civ. No. 08-00196 SOM/LEK (D. Haw. May 7, 2008). The court has notified Pauline of his strikes many times and has informed him that he may not proceed [*in forma pauperis* ("IFP")] unless he is in imminent danger of serious physical injury. See, e.g., Pauline v. Mishra, et al., Civ. No. 09-00520 SOM/KSC, Doc. No. 30 (Tr. of hearing on Mot. to Revoke IFP) (D. Haw. Mar. 18, 2010); Pauline v. Frank, Civ. No. 09-00514 SOM/BMK (D. Haw. 2009).

Pauline v. Seabright, Civ. No. 15-00074 LEK/RLP, 2015 WL 1499661, at *2 (D. Hawai`i Mar. 31, 2015).

---

apprehension or punishment of criminals or the collection of the revenue.

## II. **Plaintiff's Complaint**

The Complaint is plead as a class action based on the alleged health and safety conditions at Halawa.[4] [Complaint at pg. 2.[5]] Plaintiff alleges a litany of issues regarding the prison facilities, including but not limited to the following: a lack of fire sprinklers; mold on the ceiling; backed up water in the showers and toilets; unsanitary food handling practices; pest infestations in the prison units and kitchens; and mold on food trays. [Id. at pgs. 2-3.] Plaintiff alleges he contracted Hepatitis C as a result of the flooded showers, and suffered food poisoning from consuming improperly handled food. [Id.] Plaintiff alleges the DOJ Director and other defendants "know of these issues that are going on but do nothing to prevent it." [Id. at pg. 3.]

In addition, Plaintiff alleges inmates have used light fixtures to create weapons and drug paraphernalia, other inmates have suffered sexual assault, and prison officials have used investigations to manipulate gangs within the prison. [Id. at pgs. 3-4.] He further alleges the mattresses and pillows

---

[4] The Court will address Plaintiff's attempt to file this as a class action *infra*, Discussion, Section I, and will refer to all allegations as Plaintiff's individual claims for the purpose of the Motion.

[5] Plaintiff's Complaint contains handwritten page numbers at the top of each page.

contain lice; the lead paint on the walls makes it difficult for prisoners with asthma to breathe, eat, and sleep; prisoners are being sexually assaulted; and prisoners do not have access to medical assistance, or safe housing. [Id. at pgs. 3-4.] Plaintiff alleges that, if he or the other plaintiffs were to come forward to report these issues, the facility administrative staff would retaliate against them by placing Plaintiff or others into housing known for violent conditions. [Id. at pg. 5.] He also reports several unrelated events, including: "Nurse Kathy" violating the Health Insurance Portability and Accountability Act ("HIPAA") by sharing confidential medical information with case managers and adult correctional officers ("ACOs") without inmate consent; case manager "Chris" transporting contraband, and both Chris and case manager "Chad" sending messages to gang members within the facility; and stabbings related to gang activity. [Id.] Finally, Plaintiff attached a one-page document to his Complaint filed in state court, which states: "This Motion is to wave my right of payment of fee and to use form B to proceed with this class action suit in the nature of the issues I state in this Complaint." [State Court Records at 7.]

Based on the foregoing, Plaintiff appears to allege: a violation of the Eighth Amendment proscription of cruel and unusual punishment; a First Amendment retaliation claim; a due

process violation; and a violation of HIPAA.  Because Plaintiff
has not identified which, if any, of these claims pertain to the
DOJ Director, the Court will address all of the claims.

**DISCUSSION**

I.   **Class Action Allegations**

        Plaintiff is proceeding in this action pro se, but
alleges it is brought as a "class action suit" and identifies
eighteen other plaintiffs, in addition to himself.  [Complaint
at pgs. 1-2.]  But "[a] pro se litigant may not bring a class
action on behalf of others."  Williams v. Kobayashi, CIV. NO.
1:18-cv-00336 DKW-RLP, 2018 WL 5258614, at *8 (D. Hawai`i Oct.
22, 2018) (citing Simon v. Hartford Life, Inc., 546 F.3d 661,
664-65 (9th Cir. 2008); Robertson v. Republic of Nicaragua, 719
F. App'x 705 (9th Cir. 2018)).  Pro se litigants should be
dismissed "at the screening or motion to dismiss stage because
pro se plaintiffs cannot represent and protect the interests of
the class fairly and adequately."   See Nellis v. Cushfield
Maint. W. Corp., Case No. 18-CV-03946-LHK, 2019 WL 2744835, at
*8 (N.D. Cal. July 1, 2019) (collecting cases dismissing class
action claims brought by pro se litigant).

        Because Plaintiff cannot represent the proposed class,
this Court will construe the allegations in the Complaint as
Plaintiff's individual claims, rather than dismiss the Complaint
as a whole.  The Court now turns to the merits of the Motion.

## II.  **Motion to Dismiss**

The United States's Motion seeks dismissal of Plaintiff's claims based on Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), because: Plaintiff's claims are barred by sovereign immunity or he has failed to exhaust his administrative remedies; Plaintiff failed to properly serve the DOJ Director; and because the Complaint fails to state a claim against the Director DOJ.

### A.  **Fed. R. Civ. P. 12(b)(5)**

"'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'"  In re Focus Media Inc., 387 F.3d 1077, 1081 (9th Cir. 2004) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)).  The method of service upon the DOJ Director depends on whether Plaintiff is alleging an individual capacity claim or an official capacity claim.  See Fed. R. Civ. P. 4(i)(2)-(3).  The United States urges this Court to find that, because the Complaint lacks any allegations against an individual "Director DOJ," it should be construed as an official capacity claim.

"When it is unclear whether defendants are sued in official or individual capacities, the court must examine '[t]he course of proceedings' to determine the capacity in which each

8

defendant is sued." Shaughnessy v. Hawaii, Civil No. 09-00569
JMS/BMK, 2010 WL 2573355, at *3 (D. Hawai`i June 24, 2010)
(brackets in Shaughnessy) (quoting Kentucky v. Graham, 473 U.S.
159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)) (citing
Fed. R. Civ. P. 8(e) (requiring that pleadings "be construed so
as to do justice")). There are limited proceedings here to
examine, and the Complaint is brief in its factual allegations
pertaining to the DOJ Director. Because little clarity can be
found one way or another, the Court construes Plaintiff's
Complaint as alleging both official capacity and individual
capacity claims, so as "to do justice" to Plaintiff's Complaint.
See Rule 8(e).

"To serve a United States agency or corporation, or a
United States officer or employee sued only **in an official**
**capacity**, a party must serve the United States and also send a
copy of the summons and of the complaint by registered or
certified mail to the agency, corporation, officer, or
employee." Fed. R. Civ. P. 4(i)(2) (emphasis added). Thus, in
order to complete service of process on the United States, a
plaintiff must:

> (A)(i) deliver a copy of the summons and of the
> complaint to the United States attorney for the
> district where the action is brought - or to an
> assistant United States attorney or clerical
> employee whom the United States attorney
> designates in a writing filed with the court
> clerk - or

9

> (ii) send a copy of each by registered or
> certified mail to the civil-process clerk at
> the United States attorney's office;
>
> (B)   send a copy of each by registered or
> certified mail to the Attorney General of the
> United States at Washington, D.C.; and
>
> (C)   if the action challenges an order of a
> nonparty agency or officer of the United States,
> send a copy of each by registered or certified
> mail to the agency or officer.

Rule 4(i)(1). Plaintiff did attempt service upon the United

States when he mailed a copy of the Complaint to the United

States Attorney's Office for the District of Hawai`i ("Hawai`i

USAO") on March 5, 2019, see Notice of Removal at ¶ 2, but there

is no evidence that Plaintiff sent a copy to the Attorney

General of the United States at Washington, D.C., see id., or

that he "sen[t] a copy of the summons and of the complaint by

registered or certified mail to the agency, corporation,

officer, or employee," or the Attorney General of the United

States at Washington D.C ("U.S. Attorney General"). See

Rule 4(i)(2). Because there is no evidence that the DOJ

Director, the Department of Justice ("DOJ"), or the U.S.

Attorney General, were sent a copy of the Summons and Complaint

by registered or certified mail, Plaintiff has not properly

served the DOJ Director in its official capacity.

As to Plaintiff's individual capacity claim against

the DOJ Director as either an officer or employee of the DOJ

10

"for an act or omission occurring in connection with duties performed on the United States' behalf," Plaintiff must "serve the United States **and also serve the officer or employee under Rule 4(e), (f), or (g)**." See Rule 4(i)(3) (emphasis added). Rule 4(f) pertains to service of an individual in a foreign country, and Rule 4(g) pertains to serving a minor or an incompetent person, neither of which appear applicable in this situation. Rule 4(e) governs service of an individual within a judicial district of the United States, and permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; or any of the following: a) "delivering a copy of the summons and of the complaint to the individual personally"; b) "leaving a copy of each at the individual's dwelling . . . with someone of suitable age and discretion who resides there"; or c) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Because only the Hawai`i USAO was served with a copy of the Complaint, the DOJ Director has not been properly served in his individual capacity.

Although Plaintiff did not properly complete service, the Ninth Circuit has instructed that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." <u>Whidbee v. Pierce Cty.</u>,

857 F.3d 1019, 1023 (9th Cir. 2017) (citation and quotation marks omitted).  Plaintiff mailed a copy of the Complaint and the Summons to the Hawai`i USAO, which the United States, on behalf of the DOJ Director, acknowledges it received.  <u>See</u> Notice of Removal at ¶ 2.  The United States then removed the case to this district court, filed an ex parte motion to extend the time in which it must answer or respond to the Complaint, [filed 4/5/19 (dkt. no. 7),] and filed the instant Motion, all on behalf of the DOJ Director.  Therefore, it cannot be said that the DOJ Director did not have sufficient notice of the Complaint.  The United States's argument is therefore rejected regarding proper service of the Complaint as to Plaintiff's official capacity claims.

B.    **<u>Official Capacity Claims</u>**

This district court has stated:

> The United States, as a sovereign state, is immune from suit unless it specifically consents. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>Reed v. U.S. Dep't of Interior</u>, 231 F.3d 501, 504 (9th Cir. 2000).  Any waiver of sovereign immunity must be unequivocally expressed.  <u>Block v. North Dakota</u>, 461 U.S. 273, 287 (1983).  When a statute waives sovereign immunity, the Court must strictly construe the statute in favor of the United States.  <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000). If there has not been an express waiver of sovereign immunity, then the Court lacks subject matter jurisdiction over the case and it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  <u>Orff v. United States</u>, 358 F.3d 1137, 1142 (9th Cir. 2004).

Hensley v. United States, No. Civ. 14-00472 HG-RLP, 2014 WL
7205492, at *3 (D. Hawai`i Dec. 16, 2014).

"In sovereign immunity analysis, any lawsuit against
an agency of the United States or against an officer of the
United States in his or her official capacity is considered an
action against the United States." Balser v. Dep't of Justice,
Office of United States Tr., 327 F.3d 903, 907 (9th Cir. 2003)
(citing Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir.
2001)). "The Department of Justice is undisputably an agency of
the United States." Id. (citing 28 U.S.C. § 501). "'Sovereign
immunity is jurisdictional in nature,' so there is no subject
matter jurisdiction unless sovereign immunity has been waived."
DaVinci Aircraft, Inc. v. United States, 926 F.3d 1117, 1127
(9th Cir. 2019) (quoting FDIC v. Meyer, 510 U.S. 471, 475, 114
S. Ct. 996, 127 L. Ed. 2d 308 (1994)).

As to Plaintiff's official capacity claim against the
Director DOJ, he has not plead facts that would allow this Court
to conclude that the Director DOJ has expressly waived sovereign
immunity. See Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.
1983) ("The party who sues the United States bears the burden of
pointing to such an unequivocal waiver of immunity." (citation
omitted)). Still, it is arguably possible for Plaintiff to
state a claim against a federal official in his or her official

capacity under the Federal Tort Claims Act ("FTCA"). See
DaVinci, 926 F.3d at 1123 ("the FTCA waives the United States'
sovereign immunity for tort claims against the federal
government in cases where a private individual would have been
liable under 'the law of the place where the act or omission
occurred.'" (quoting 28 U.S.C. § 1346(b)(1))).

The United States argues that, even if the FTCA
provides a cause of action, this Court would lack subject matter
jurisdiction based on the doctrine of derivative jurisdiction.
When a case is removed from state court pursuant to § 1442, the
federal court's jurisdiction is derivative of the state court's
jurisdiction. See In re Elko Cty. Grand Jury, 109 F.3d 554, 555
(9th Cir. 1997) (other citation omitted) (citing Lambert Run
Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382, 42 S.
Ct. 349, 351, 66 L. Ed. 671 (1922)). Assuming that Plaintiff's
claims arise under the FTCA, it could only be brought in federal
court, not state court. See Will v. United States, 60 F.3d 656,
659 (9th Cir. 1995) ("Under the FTCA, the district courts have
exclusive jurisdiction over claims against the United States for
injuries or losses of property caused by the negligent or
wrongful act or omission of a government employee." (citing 28
U.S.C. § 1346(b)). Because the state court did not have
jurisdiction over Plaintiff's FTCA claims, "the federal court
acquires none." See Lambert, 258 U.S. at 382. Therefore, this

14

Court lacks subject matter jurisdiction over Plaintiff's claims arising under the FTCA.  The Court agrees.

Notwithstanding the doctrine of derivative jurisdiction, Plaintiff's FTCA claims still must be dismissed because he has failed to exhaust his administrative remedies prior to alleging an FTCA claim.  See 28 U.S.C. § 2675(a);[6] D.L. ex rel. Junio v. Vassilev, 858 F.3d 1242, 1245 (9th Cir. 2017) ("the FTCA's exhaustion requirement demands that a plaintiff exhaust his administrative remedies before he files an FTCA claim in federal court").  Administrative exhaustion is a prerequisite to this Court having subject matter jurisdiction over the claim, and these claims must be dismissed.  See D.L., 858 F.3d at 1245.  Thus, the Motion is granted as to Plaintiff's

---

[6] Section 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

official capacity claims against the DOJ Director, based on lack of subject matter jurisdiction.

### C. <u>**Individual Capacity Claims**</u>

Although the United States does not construe Plaintiff's Complaint as alleging individual capacity claims against the DOJ Director, even if alleged, these claims must be dismissed. Under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a plaintiff may seek damages against federal actors in their individual capacity for violating a plaintiff's constitutional rights. The Ninth Circuit has explained that <u>Bivens</u> was the United States Supreme Court's remedy to "fill[] a gap in cases where sovereign immunity bars a damages action against the United States." <u>Solida v. McKelvey</u>, 820 F.3d 1090, 1094 (9th Cir. 2016).

To the extent Plaintiff alleges a violation of his constitutional rights against the DOJ Director in his individual capacity based on the allegations in the Complaint, the claim would arise under <u>Bivens</u>. Nevertheless, the claim would fail for three reasons. First, a plaintiff asserting an individual capacity claim under <u>Bivens</u> is required to substantially comply with personal service under Rule 4. See <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987) ("where money damages are sought through a <u>Bivens</u> claim, personal service, and not service at the place of employment, is necessary to obtain jurisdiction

16

over a defendant in his capacity as an individual" (citation omitted)). "In order for the district court to exercise personal jurisdiction over a defendant sued in her individual capacity, the defendant must be 'properly served' in her individual capacity." DaVinci, 926 F.3d at 1128 (quoting Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987)). Because Plaintiff did not perfect personal service upon the Director DOJ, there is no personal jurisdiction over Plaintiff's Bivens claim against the DOJ Director.

Second, an individual capacity claim under Bivens must seek **monetary** damage as a form of relief. See Solida, 820 F.3d at 1094 ("Bivens is both inappropriate and unnecessary for claims seeking solely equitable relief against actions by the federal government."). Here, the Complaint fails to identify any form of relief Plaintiff seeks, and the Court must not guess what remedy Plaintiff might want.[7]

Finally, the United States Supreme Court recognizes a cause of action under Bivens only in three specific contexts: a Federal Bureau of Investigations agent handcuffing a man in his home without first obtaining a warrant in violation of the

---

[7] The Complaint also fails to meet the pleading standard under Fed. R. Civ. P. 8, which requires the pleader to state, inter alia, "a demand for the relief sought, which may include relief in the alternative or different types of relief." See Rule 8(a)(3).

Fourth Amendment's prohibition against unreasonable searches and seizures; a Congressman firing his female assistant in violation of the Fifth Amendment's Due Process Clause; and a federal prison's failure to treat a prisoner's asthma in violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017). "[E]xpanding the Bivens remedy is now a 'disfavored' judicial activity." Id. at 1857 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S. Ct. 1937 (2009)).

Even if the DOJ Director had been properly served and the Complaint sought monetary damages, Plaintiff's individual capacity claims still fail because they do not appear to fit within any of the three scenarios in which a plaintiff may assert a Bivens claim. Therefore, Plaintiff's individual capacity claims must be dismissed as to the DOJ Director.[8] There being no official capacity claims or individual capacity claims remaining against the DOJ Director, the Court concludes the Motion must be granted.

---

[8] To the extent Plaintiff has alleged a violation of HIPAA, that claim fails as a matter of law because HIPAA does not provide a private right of action. See Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) ("HIPAA itself provides no private right of action" (citation and quotation marks omitted)).

**D.    Rule 12(b)(6) and Mandatory Screening**

Although there is no subject matter jurisdiction and personal jurisdiction to adjudicate Plaintiff's claims against the DOJ Director, the Complaint must still be screened because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a).  Under § 1915A, this Court must

> identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> > (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  Screening under § 1915A(b) involves the same standard of review as that under Rule 12(b)(6).  See Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." (citation and internal quotation marks omitted)).  Therefore, the United States's arguments as to dismissal under Rule 12(b)(6) will be addressed.

### 1. Allegations Against the Director DOJ

First, the Complaint fails to plead any facts regarding prison conditions that are specific to the DOJ Director. The United States argues Plaintiff's Complaint lists various health and safety issues that are allegedly occurring at Halawa, but pleads no factual allegations that would lead to the reasonable conclusion that the DOJ Director had any knowledge of those issues. This Court agrees. Plaintiff's only assertion is that "Senetor Sparrow Director Espinda Warden Cegera COS Evens Health Department Director, DOJ Director all know of these issues that are going on but do nothing to prevent it as it is today." [Complaint at pg. 3.] At no other point in the Complaint is the DOJ Director mentioned, and no other factual allegations support Plaintiff's conclusory statement that the DOJ Director had notice of the alleged issues at Halawa. This Court has explained: "Under Rule 12(b)(6), a complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Jones v. Soong, CIV. NO. 18-00226 LEK-RLP, 2018 WL 3118673, at *1 (D. Hawai`i June 25, 2018) (alterations in Jones) (some citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although Rule 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief,"

the Supreme Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Here, the single allegation that the DOJ Director was aware of the issues at Halawa lacks the "sufficient factual matter" necessary to show that Plaintiff's claims against the DOJ Director are plausible on its face. See id. In order to have "facial plausibility," the Complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. (citation omitted). The Complaint falls far short of this. Instead, only naked assertions are made that the DOJ Director was aware of the issues at Halawa, without presenting any factual allegations that would make his claim plausible and not merely possible. Even if subject matter jurisdiction or personal jurisdiction existed to rule on the claim against the DOJ Director, it would have to be dismissed for failure to state a claim upon which relief could be granted. See § 1915A(b)(1); Rule 12(b)(6).

## 2. Allegations Against All Other Defendants

Plaintiff's claims against the sixteen other named defendants in this matter would fail because there are no

factual allegations related to the defendants,[9] or, the
allegations are so bereft of detail as to render the Complaint
merely conclusory.  For example, Plaintiff alleges that "CPT
Strong, SGT Visitation, SGT Tucker, ACO Santos, ACO Molina to
[sic] over see investigators to manipulate other gang members,
the old, young, weak, lesbians, gay and bisexuals are all being
targeted from gang members and these defendants that I named."
[Complaint at 4.]  Beyond being difficult to understand, these
allegations are devoid of any supporting factual content that
would push Plaintiff's allegations across the line from "sheer
possibility" to plausibility.  See Iqbal, 556 U.S. at 678
("Where a complaint pleads facts that are merely consistent with
a defendant's liability, it stops short of the line between
possibility and plausibility of entitlement to relief."
(citation and internal quotation marks omitted)).  Because the
Complaint does not plead any non-conclusory allegations as to
the sixteen other defendants, it is dismissed for failure to
state a claim upon which relief can be granted.

### E.  Leave to Amend and Three Strikes Rule

    Having concluded that the Complaint must be dismissed,
the remaining question is whether Plaintiff should be granted

---

[9] There are no factual allegations in the Complaint related
to Defendants Shelley Harrington, Cheri Kimoto, Director State
of Hawai`i, and ACO Rodan.

leave to file an amended complaint.  If it is arguably possible

for him to cure the defects identified therein, then he should

be given that opportunity.  See Lopez v. Smith, 203 F.3d 1122,

1130 (9th Cir. 2000) (en banc) ("a district court should grant

leave to amend even if no request to amend the pleading was

made, unless it determines that the pleading could not possibly

be cured by the allegation of other facts" (citation and

quotation marks omitted)).

Two primary concerns exist with regard to permitting

Plaintiff leave to amend.  First, Plaintiff has not served any

of the defendants, except for the DOJ Director, which was

improper as discussed *supra*, Section II.A.  It is not clear

whether Plaintiff will be able to execute service since he is

currently incarcerated, and he apparently intends to apply for

IFP in state court to waive the filing fees and costs of

service.  See State Court Records at 7.  Since Plaintiff neither

applied for nor was he granted IFP, he must complete service of

the Complaint and Summons without the assistance of the United

States Marshals Service.  Once the United States removed this

action on April 3, 2019, Plaintiff was required to complete

service on all other defendants by July 2, 2019, or within

ninety days from the date of removal.  See 28 U.S.C. § 1448;[10]

---

[10] Section 1448 states, in relevant part:

(. . . continued)

23

Fed. R. Civ. P. 4(m).[11]  Aside from the improper service upon DOJ

Director, there is no record that any other defendant was

served, either before or after the case was removed.  Unless he

is granted IFP, Plaintiff may not be able to serve any defendant

in this action since he has indicated he is indigent and seeks

to waive any costs associated with his Complaint.

Second, even if Plaintiff applies for IFP with this

district court, his amended complaint could be dismissed

pursuant to § 1915(g) because he has accrued three strikes,

unless he can demonstrate that he is in "imminent danger of

serious physical injury."  See Pauline, 2015 WL 1499661, at *2

---

> In all cases removed from any State court to
> any district court of the United States in which
> any one or more of the defendants has not been
> served with process or in which the service has
> not been perfected prior to removal, or in which
> process served proves to be defective, such
> process or service may be completed or new
> process issued in the same manner as in cases
> originally filed in such district court.

[11] Rule 4(m) states, in relevant part:

> If a defendant is not served within 90 days
> after the complaint is filed, the court - on
> motion or on its own after notice to the
> plaintiff - must dismiss the action without
> prejudice against that defendant or order that
> service be made within a specified time.  But if
> the plaintiff shows good cause for the failure,
> the court must extend the time for service for an
> appropriate period. . . .

(citations omitted).  Still, it is arguably possible for Plaintiff to amend his Complaint to cure the deficiencies identified in this Order; therefore Plaintiff must be given leave to file an amended complaint.  See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect" (brackets, citation, and internal quotation marks omitted)).  As to the concern regarding Plaintiff's ability to serve the other defendants in this case, ordinarily, Plaintiff would be required to show cause as to why his Complaint should not be dismissed for failure to complete service.  However, since the Complaint has been dismissed and Plaintiff has been granted leave to file an amended complaint, ruling on this issue will be reserved until Plaintiff submits either proof of IFP status, or files his amended complaint.

If Plaintiff chooses to file an amended complaint, he must do so by **September 23, 2019**, and the amended complaint must address this Court's concerns regarding: 1) sovereign immunity; 2) administrative exhaustion under the FTCA; 3) Plaintiff's failure to allege sufficient factual content to state a claim for relief.  If Plaintiff intends to apply for IFP, his amended complaint must also demonstrate that Plaintiff is "under imminent danger of serious physical injury."  See § 1915(g).  Plaintiff's amended complaint must include all of the claims

that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint.  He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint.  He is cautioned that, if he fails to file his amended complaint by **September 23, 2019**, or if the amended complaint fails to cure the defects that this Court has identified in this Order, his claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this district court, and the Clerk's Office is directed to close the case.

Only a preliminary screening of the Complaint has been conducted.  If Plaintiff files an amended complaint, further screening will be done, including – but not limited to – analyzing whether Plaintiff states claims that satisfy the Rule 12(b)(6) standard.

**CONCLUSION**

On the basis of the foregoing, the United States's Motion to Dismiss Complaint, filed May 6, 2019, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as the Complaint is DISMISSED.  The Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE, and Plaintiff is GRANTED leave to file an amended complaint by **September 23, 2019**, consistent with the terms of this Order.  The Clerk's

Office is DIRECTED to mail Plaintiff a Prisoner Civil Rights Complaint Form and an Application to Proceed In Forma Pauperis By a Prisoner, so that Plaintiff may file an amended complaint and seek IFP, if he chooses.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 12, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ALDEN PAULINE, ET AL. VS. DIRECTOR DOJ, ET AL; CV 19-00167 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DIRECTOR DOJ'S MOTION TO DISMISS COMPLAINT**

27