IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALDEN PAULINE, JR., #A0256259, | ) | Civ. No. 19-00167 LEK-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT IN PART; |
| vs. | ) | DENYING PENDING MOTIONS; |
| | ) | DIRECTING SERVICE; AND |
| DIRECTOR DOJ, et al., | ) | LIFTING STAY |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART; DENYING PENDING MOTIONS; DIRECTING SERVICE; AND LIFTING STAY

Before the Court is pro se Plaintiff Alden Pauline, Jr.'s, first amended

prisoner civil rights complaint ("FAC"), brought pursuant to 42 U.S.C. § 1983.

ECF No. 26.[1]  Plaintiff alleges that Defendants[2] violated his civil rights while he

was incarcerated at the Oahu Community Correctional Center ("OCCC") and at

the Halawa Correctional Facility ("HCF").

---

[1]  The Court refers to the numbering and pagination assigned to documents by the U.S. Judiciary's Case Management/Electronic Case Filing system ("CM/ECF").

[2]  Plaintiff names as Defendants the Director of the Department of Justice ("DOJ Director"); the Director of the Hawaii Department of Public Safety, Nolan Espinda ("DPS Director"); the Director of the Hawaii Department of Health ("DOH Director"); the State of Hawaii; Oahu Community Correctional Center ("OCCC") officials Warden Francis Sequeira; Chief of Security ("COS") Evans; Captain Strong; Adult Correctional Officers ("ACOs") Santos, Molina, and Rodan; ACO Sergeants Visitation, Murray, and Tucker; DPS Litigation and PREA Coordinator Shelley Harrington; Chari Kimoto; and "Rsq" Rabacal in the FAC's caption.  He names ACOs Keawe, Lie, and Cossy, and inmates Montoya, Lafoga, and Enez within his claims.

For the following reasons, the FAC is DISMISSED in part for Plaintiff's failure to state a colorable claim for relief pursuant to 28 U.S.C. § 1915A(a). Claims alleged against the Director of the DOJ are DISMISSED with prejudice. Claims alleged against HCF ACOs Lie and Cossy regarding incidents that allegedly occurred at HCF are DISMISSED without prejudice, but without leave to amend in this action.

Claims against the DOH Director, COS Evans, Captain Strong, ACOs Santos, Molina, Rodan, Visitation, Murray, Rabacal, and Tucker, DPS Litigation Coordinator Shelley Harrington, and Chari Kimoto that are alleged to have occurred at OCCC fail to state any plausible claim for relief and are DISMISSED with leave to amend.

Claims alleged against DPS Director Espinda, OCCC Warden Sequeira, COS Kawamoto, and ACO Keawe state plausible claims for relief and shall be SERVED.

To the extent that Plaintiff seeks declaratory or injunctive relief against the State of Hawaii or Defendants named in their official capacity regarding events alleged to have occurred at OCCC, those claims are DISMISSED with prejudice.

Plaintiff's Motion for Transfer, Mental Health Medical Care, [and]

Constitutional Rights; Motion for Order; and Motion for Monetary Damages and

to be Transferred Out of HCF, ECF Nos. 37-39, are DENIED.

## I. <u>STATUTORY SCREENING</u>

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C.

§ 1915A(a).[3]  Claims or complaints that are frivolous, malicious, fail to state a

claim for relief, or seek damages from defendants who are immune from suit must

be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under § 1915A(a) involves the same standard of review as that

used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791

F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a

complaint must "contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible"

when the facts alleged in the complaint would support a reasonable inference that

---

[3] Because Plaintiff is not proceeding in forma pauperis, only 28 U.S.C. § 1915A applies for screening purposes.

the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.* (citation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it requires factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "All that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting *Datagate, Inc. v. Hewlett Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>

### A.   **Procedural History**

Plaintiff was incarcerated at OCCC when he filed the original Complaint in the First Circuit Court, State of Hawaii ("state court") on February 8, 2019, and when he filed the FAC on August 30, 2019.[4] *See* Compl., ECF No. 1-1; FAC, ECF No. 26. Plaintiff styled the original Complaint as a class action challenging the conditions of confinement for all prisoners at OCCC.

On April 3, 2019, the DOJ Director, who is the only Defendant who has received notice of this suit, removed the action to this district court pursuant to 28 U.S.C. § 1442(a)(1). *See* Notice of Removal, ECF No. 1. Plaintiff was apparently transferred to HCF before the case was removed, although the record does not

---

[4] Plaintiff is currently incarcerated at HCF.

reveal the date of that transfer.  Plaintiff was housed at HCF no later than April 16, 2019, however, when he filed a response to the removal of this action to federal court.  *See* ECF Nos. 9-11 (showing HCF as Plaintiff's return address).

On May 6, 2019, the DOJ Director moved to dismiss the Complaint ("Motion to Dismiss").  Mot., ECF No. 12.  Plaintiff filed an Opposition to the Motion to Dismiss on May 24, and a document titled "First Amended Complaint" on June 6, 2019.  Plaintiff was housed at HCF when he filed these documents.  *See* ECF Nos. 15, 16 (showing HCF as Plaintiff's return address).  Plaintiff's amended pleading  added new claims against new defendants regarding incidents that allegedly occurred at HCF after he filed the original Complaint, but omitted the original claims and Defendants.

On June 28, 2019, the Court entered a minute order construing the "First Amended Complaint," as a motion to supplement the original Complaint "to add all new defendants and new claims based on factual allegations that appear entirely unrelated to the allegations at issue in the instant action," rather than a properly amended pleading.  *See* EO, ECF No. 18.  The Court denied this motion pursuant to Fed. R. Civ. P. 18 and 20, because it alleged "entirely unrelated claims against unrelated parties in a single action."  *Id.*  The Court explained that Plaintiff may raise these new allegations in a new and separate action, but could not bring

them in the present action. The Court also granted the DOJ Director's Motion to Dismiss, with written Order to follow. *Id.*

On August 12, 2019, the Court issued its Order Granting in Part and Denying in Part Director DOJ's Motion to Dismiss Complaint ("August 12, 2019 Order"). ECF No. 23. The Court first held that Plaintiff, as a pro se litigant, cannot represent others in a class action, and construed Plaintiff's claims as alleged by him only. *Id.* at 200. The Court rejected DOJ Director's argument based on failure to serve, because DOJ Director had notice of the action when the Government acknowledged receipt of the Complaint, removed the action to federal court, moved to extend time to answer, and filed a Motion to Dismiss. *Id.* at 205.

The Court dismissed Plaintiff's official capacity claims against DOJ Director based on sovereign immunity and lack of subject matter jurisdiction over claims construed as raised under the Federal Tort Claim Act ("FTCA"). *Id.* at 207-09. Individual capacity claims against DOJ Director were dismissed for lack of personal jurisdiction and for Plaintiff's failure to state a colorable claim for relief under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 209-11. Thus, the Court granted the Motion to Dismiss as to all claims alleged against the DOJ Director. *Id.* at 212.

The Court then screened the Complaint as required by the Prison Litigation Reform Act ("PLRA"), and found that Plaintiff failed to show DOJ Director's personal knowledge or involvement in his claims, and dismissed such claims as alleged against the DOJ Director. *Id.* at 213-14. The Court dismissed all claims against the remaining sixteen Defendants for Plaintiff's failure to "plead any non-conclusory allegations" against them. *Id.* at 215. Thus, the Court dismissed the original Complaint in its entirety with leave granted to amend on or before September 23, 2019.

In granting leave to amend, the Court notified Plaintiff that, if he was unable to state a claim against DOJ Director in an amended pleading, those claims would be dismissed with prejudice. And, because Plaintiff failed to serve any *other* Defendant within 90 days of the lawsuit's removal, as required under 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m), the remaining claims were subject to dismissal for his failure to timely serve. *See* Order, ECF No. 23 at 218 (discussing service under 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m)). The Court directed Plaintiff to file an in forma pauperis application ("IFP application"), with any amended pleading, if he sought assistance in serving the amended pleading.[5]

---

[5] The August 12, 2019 Order noted that Plaintiff sought IFP status in the state court before removal, indicating he was indigent and that, because Plaintiff has accrued three strikes pursuant to § 1915(g), he cannot proceed IFP in federal court unless his pleadings show that he was in

On August 23, 2019, Plaintiff filed the FAC. ECF No. 26.

On September 9, 2019, the DOJ Director moved for a stay in the proceedings pending screening of the FAC. ECF No. 30. The Court granted DOJ Director's Motion for Stay on September 13, 2019. ECF No. 31.

On November 26, 2019, Plaintiff filed three Motions: (1) Motion for Transfer, Mental Health Medical Care, [and] Constitutional Rights [ECF No. 37]; Motion for Order [ECF No. 38]; and Motion for Monetary Damages and to be Transferred Out of HCF [ECF No. 39].

**B.     Claims in the FAC**

Plaintiff filed the FAC on August 30, 2019, when he was again incarcerated at OCCC. *See* ECF No. 24-1 (FAC mailing documentation). Plaintiff did not submit an IFP application with the FAC, but stated that he sent the "IFP form to the business office. When [they] send it back to me I will send it to the court." FAC, ECF No. 26 at 229. To date, Plaintiff has not submitted an IFP application.

Plaintiff says that he lives in fear of being "set up" by other inmates and prison staff and asserts that his constitutional rights are being violated on a daily basis. *Id.* at 230-31. Plaintiff states:

_____

imminent danger of serious physical injury when they were filed.

The Complaint is plead as a action on the alleged health and safety conditions at HCF and OCCC[.] . . . Plaintiff alleges a litany of issues regarding the prison facilities, including but not limited to the following a lack of fire sprinklers mold on the ceiling backed up water in the showers and toilets unsanitary food handling practices pest infestations in the prison units and kitchens and mold on food trays. Plaintiff alleges he contracted Hepatitis C as a result of the flooded showers, and suffered food poisoning from consuming improperly handled food. Plaintiff alleges the DOJ Director and other defendants know of these issues that are going on but do nothing to prevent it. In addition Plaintiff alleges inmates have used light fixtures to create weapons and drug paraphernalia[,] other inmates have suffered sexual assault and prison officials have used investigations to manipulate gangs[.] The mattresses and pillows contain lice[.] The lead paint on the walls makes it difficult for prisoners with asthma to breathe eat and sleep[.] [P]risoners are being sexually assaulted and prisoners do not have access to medical assistance or safe housing. Plaintiff alleges that if he or the other plaintiffs were to come forward to report these issues the facility administrative staff would retaliate against them by placing Plaintiff or others into housing known for violent conditions. He also reports several unrelated events, including Nurse Kathy violating the Health Insurance Portability and Accountability Act HIPAA by sharing confidential medical information with case managers and adult correctional officers ACOs without inmate consent[.] [C]ase [manager] Chris transporting contraband and both Chris and case manager Chad sending messages to gang members within the facility and stabbings related to gang activity. Finally, Plaintiff attached a one-page document to his Complaint filed in state court, which states This Motion is to wave my right of payment of fee and to use form B to proceed with this civil case suit in the nature of the issues I state in this Complaint. State Court Records at. Based on the foregoing, Plaintiff appears to allege a violation of the Eighth Amendment proscription of cruel and unusual punishment a First Amendment retaliation claim a due process violation and a violation of HIPAA.

FAC, ECF No. 26 at 232-36. This statement is a nearly verbatim quote of the

August 12, 2019 Order's summary of Plaintiff's claims in the original Complaint,

with the omission of original punctuation and formatting. *Compare id.*, *with*

Order, ECF No. 23 at 198-200. The FAC is not plead as a class action, and,

notwithstanding the Court's dismissal of claims regarding events at HCF, Plaintiff

asserts claims that allegedly occurred at HCF and at OCCC. Beyond the statement

above, Plaintiff asserts five express claims in the FAC:

> [(1)] I got sexually assaulted from Inmate Monteca 1/12/19 in Mod 1.
> [Count 1]
>
> [(2)] ACO Keawe set me up and send me to Mod 13 wear [sic] 4
> Gang Inmates Assaulted me Bad 1/15/2019. [Count 2]
>
> [(3)] ACO Lie send me to the HU 3 floor wear [sic] Inmate Tupuola
> Inmate Alabanza Inmate Enez assaulted me for [filing] this complaint
> in court of this issues that is going on to me. [Count 3]
>
> [(4)] ACO Cossy Assaulted me in HCF Medical Unit Telling me Im a
> walking Dead man ya best stop This complaint. 7/17/2019. [Count 4]
>
> [(5)] Inmate Lafoga and Inmate Enez assaulted me at the court house
> 5/14/2019. [Count 5]

FAC, ECF No. 26 at 237. Plaintiff states that he is housed in OCCC SH Unit,[6]

which lacks running water and functional toilets. He claims that he has been

---

[6] "HU" and "SH" appear to be abbreviated acronyms for "SHU," which stands for "Special
Holding Unit."

denied food, soap, a toothbrush, a mattress, a pillow, T-shirts, socks, towels, or a blanket. He says that he wrote to OCCC Warden Sequeira, DPS Director Espinda, and COS Kawamoto about his claims, but has received no response. Plaintiff's request for relief is vague.

### III. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 also requires an actual connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). A plaintiff must allege that he suffered a

specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.

## A.    Claims Against DOJ Director are Dismissed With Prejudice

Plaintiff again fails to allege facts showing that (1) DOJ Director expressly waived sovereign immunity for official capacity claims; (2) this Court has subject matter jurisdiction against DOJ Director over claims construed under the FTCA; (3) he exhausted administrative remedies for such FTCA claims; (4) DOJ Director was personally served for individual capacity claims; (5) he can allege a colorable *Bivens* claim against DOJ Director; or (6) that DOJ Director had any personal involvement in or knowledge of his allegations regarding prison conditions at OCCC (or HCF).  That is, Plaintiff again fails to state a colorable, plausible claim for relief against DOJ Director.  Granting Plaintiff further leave to amend these claims against DOJ Director is futile and they are DISMISSED with prejudice.

## B.    Claims Alleged to Have Occurred at HCF are Dismissed; Plaintiff's Motions, ECF Nos. 37-39 are Denied

A review of the record reveals that Plaintiff's claims in Counts 3, 4, and 5, as alleged against ACO Lie, ACO Cossy, and inmates Tupuola, Albanza, Enez, and Lafoga,[7] allegedly occurred while Plaintiff was incarcerated at HCF.  The

---

[7] Plaintiff also fails to allege facts showing that inmates Tupuola, Albanza, Enez, and Lafoga were acting under color of state law when they assaulted him.

Court informed Plaintiff that he may not bring new, unrelated claims against unrelated parties regarding events that allegedly occurred at HCF, when his original Complaint alleged violations regarding events that allegedly occurred at OCCC. *See* Order, ECF No. 18 at 113. Plaintiff was notified that he could raise these claims in a separate action, however. Moreover, Count 5 alleges no personal involvement by any named Defendant.

Plaintiff's claims that are alleged to have occurred at HCF, including those in Counts 3-5, are DISMISSED without prejudice to Plaintiff raising them in a separate action. Plaintiff may not reallege these claims in this action, however.

### 1. *Plaintiff's Motions*

Plaintiff's Motion for Transfer, Mental Health Medical Care, Constitutional Rights; Motion for Order; and Motion for Monetary Damages and to be Transferred Out of HCF [ECF Nos. 37-39], seek relief concerning alleged violations that Plaintiff claims he is experiencing at HCF *since* he filed the FAC.

First, the Motions are DENIED because they have no relation to Plaintiff's claims that allegedly occurred at OCCC. Rather, Plaintiff requests to be transferred from HCF based on alleged retaliation "from HCF Addmen Staff" and other allegedly adverse conditions of confinement there. *See* Mots., ECF Nos. 37-39.

Second, to the extent Plaintiff seeks a transfer from HCF, *see* ECF Nos. 37, 39, he has no constitutional right to such transfer. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (holding there is no constitutional right to imprisonment in a particular prison); *see also White v. Lambert*, 370 F.3d 1002, 1013-14 (9th Cir. 2004) (same).

Third, to the extent that Plaintiff asks the Court to act on his claims regarding events that allegedly occurred at OCCC in this action, *see* Motion for Order, ECF No. 38, this Order addresses that request.

Plaintiff's Motions, ECF Nos. 37-39, are DENIED.

## C.   Immunities and Declaratory or Injunctive Relief

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166 (emphasis omitted).

Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

To the extent that Plaintiff names Defendants in their official capacities, his transfer from OCCC moots any claims for prospective injunctive or declaratory relief that he might have stemming from his incarceration there, and he does not allege facts suggesting that he is subject to an ongoing violation of federal law regarding his claims that allegedly occurred at OCCC. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991)); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (holding prisoner's claims for injunctive and declaratory relief relating to prison conditions are rendered moot by his transfer to another facility).

Plaintiff fails to state a claim for damages *or* injunctive relief against the State of Hawaii and all Defendants named in their official capacities, and these claims are DISMISSED with prejudice.[8]

## D. Legal Standard Governing Plaintiff's Claims

Plaintiff does not allege whether he was a convicted inmate, a pretrial detainee, or awaiting a determination on revocation of parole or probation when he was incarcerated at OCCC. This distinction matters, because conditions of confinement claims are evaluated under different standards depending on the inmate's status. A convicted inmate's conditions of confinement claims are analyzed under the Eighth Amendment, *see Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), while a pretrial detainee's claims are evaluated under the Fourteenth Amendment, *Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2473 (2015).

The law is unclear which standard applies to a convicted prisoner's claims who is awaiting a determination on the revocation of probation or parole. *See Palmer v. Marion Cty.*, 327 F.3d 588, 592-93 (7th Cir. 2003) ("[T]he confusion about the constitutional predicate for Palmer's claims arises from the uncertainty

---

[8] In the interests of justice, the Court construes Plaintiff's request for relief as also seeking damages.

as to whether a detainee awaiting a hearing on a probation violation can be 'punished' under the Eighth Amendment."); *Quigg v. Bell*, 2018 WL 8244585, at *1 (D. Mont. Dec. 26, 2018), *report and recommendation adopted*, 2019 WL 1013363 (D. Mont. Mar. 4, 2019), *appeal dismissed*, 2019 WL 4668057 (9th Cir. July 30, 2019) (citing cases and applying the Fourteenth Amendment "out of an abundance of caution"); *Hill v. Cty. of Montgomery*, 2018 WL 2417839 at *2 (N.D.N.Y. May 29, 2018) (citing cases); *Weishaar v. Cty. of Napa*, 2016 WL 7242122, at *7 (N.D. Cal. Dec. 15, 2016) (reviewing the plaintiff's claims under the Fourteenth Amendment where "there was only an allegation that [the plaintiff] violated his terms of probation"); *Ard v. Rushing*, 2014 WL 12489978, at *2 n.3 (S.D. Miss. Feb. 10, 2014) (concluding that because the plaintiff "was in custody awaiting a probation revocation hearing . . . she was essentially a pretrial detainee").

Because Plaintiff's status is unknown, the Court applies the arguably more lenient Fourteenth Amendment standard to his conditions of confinement claims. *See Castro*, 833 F.3d at 1067.

To state a claim that the conditions of confinement at OCCC violated his rights under the Fourteenth Amendment, Plaintiff must allege that (1) a defendant made an intentional decision with respect to the conditions under which he was

confined; (2) those conditions put Plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved — making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused Plaintiff's injuries. *Castro*, 833 F.3d at 1071. With respect to the third element, the defendant's conduct must be "objectively unreasonable." *Id.* (citing *Kingsley*, 135 S. Ct. at 2473). This standard is something "more than negligence but less than subjective intent–something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

Under the Eighth Amendment, which informs the analysis under the Fourteenth Amendment, courts have held that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Id.* "The more basic the need, the shorter the time it can be withheld." *Id.* (citations omitted).

**D.    Analysis**

**1.    *Personal Involvement or Link to Plaintiff's Claims***

To state a claim under § 1983, an "inmate[] must show that each defendant personally played a role in violating the Constitution." *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) (footnote omitted).  That is, a prison "official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).  A supervisor is liable "so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018)).  A "causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08 (alterations in original) (internal quotation marks and citations omitted).  A supervisor may also "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation;

or for conduct that showed a reckless or callous indifference to the rights of others." *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208).

## 2. *Alleged Denial of "minimal civilized measure of life's necessities"*[9]

Plaintiff alleges that he was denied food, soap, toilet paper, toothpaste, toothbrush, mattress, T-shirts, socks, towels, or a blanket. FAC, ECF No. 26 at 239. He states that he wrote to OCCC Warden Sequeira, COS Kawamoto, and DPS Director Espinda and notified them of these deprivations, but they never answered his letters or complaints. Although these claims are arguably vague, if Plaintiff wrote to these Defendants and they failed to investigate, take action, or even respond to him, these claims are sufficient to plausibly allege that Sequeira, Kawamoto, and Espinda failed to supervise or control their subordinates regarding these allegedly unconstitutional conditions of confinement, and are sufficient to proceed to adversary proceedings. These claims as alleged against Warden Sequeira, COS Kawamoto, and DPS Director Espinda SHALL be served and require a response.

To the extent that Plaintiff alleges these claims against any other named Defendant, he fails to allege sufficient facts to show their personal involvement. Plaintiff fails to provide the dates on which these violations allegedly occurred or

---

[9] *See Hudson*, 503 U.S. at 9.

any other supporting facts from which the remaining Defendants can understand these claims are alleged against them, or to formulate a coherent, informed defense. These claims as alleged against any other named Defendants, are DISMISSED without prejudice and with leave granted to amend.

### 3. Count 2

Plaintiff alleges that ACO Keawe set him up by sending him to Module 13 where he was assaulted by four gang members on January 15, 2019. This allegation, although sparse, is sufficient to state a colorable claim that ACO Keawe knowingly failed to protect Plaintiff from assault and it SHALL be served.

### 4. Count 1

In Count 1, Plaintiff expressly alleges that he was sexually assaulted by an inmate when he was housed at OCCC on January 12, 2019. *Id.* at 237. Plaintiff fails to allege facts showing any Defendant's personal participation in this incident. Plaintiff fails to allege that any Defendant made an intentional decision that resulted in this unidentified inmate's assault of Plaintiff. That is, knowing that this inmate posed a substantial risk to Plaintiff, a Defendant failed to take reasonable measures to abate that risk, even though a reasonable officer would have appreciated the high degree of risk involved. Plaintiff fails to state a

colorable claim against any Defendant regarding this incident and this claim is

DISMISSED without prejudice and with leave granted to amend.

## IV.  LEAVE TO AMEND

Plaintiff may file an amended pleading correcting the deficiencies in those

claims that are dismissed herein **without prejudice and with leave to amend.**[10]

Plaintiff may not expand his claims in an amended pleading without explaining

how any new claims relate to claims alleged in the FAC (or original Complaint).

Plaintiff must confine his claims to allegations regarding incidents and individuals

at OCCC.  The amended pleading must be submitted on the Court's prisoner civil

rights form and be complete without reference to any prior pleading.  *See Ramirez*

*v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10.

Defendants not renamed and claims not realleged in an amended complaint may be

deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928

(9th Cir. 2012) (en banc).

## V.  CONCLUSION

(1)  The First Amended Complaint is DISMISSED IN PART pursuant to 28

U.S.C. § 1915A(b)(1), and shall be served as limited by this Order.

---

[10] Serving those claims the Court has found suitable for service does not prevent Plaintiff from filing an amended pleading regarding claims dismissed without prejudice subject to the requirements of Fed. R. Civ. P. 15.

(2)  Specifically, claims alleged: (a) against the Director of the DOJ are DISMISSED WITH PREJUDICE; (b) against HCF ACOs Lie and Cossy, and all claims that allegedly occurred at HCF, are DISMISSED WITHOUT PREJUDICE, but without leave to amend in this action; (c) against the State of Hawaii and Defendants named in their official capacities, seeking damages, declaratory, and prospective injunctive relief are DISMISSED with prejudice; (d) against the DOH Director; COS Evans; Captain Strong; ACOs Santos, Molina, Rodan, Sgt. Visitation, Sgt. Murray, Sgt. Tucker, and Rsq. Rabacal; DPS Litigation Coordinator Shelley Harrington; and Chari Kimoto, regarding events alleged to have occurred at OCCC are DISMISSED WITHOUT PREJUDICE and with leave to amend;

(3) Claims alleged against DPS Director Nolan Espinda, OCCC Warden Francis Sequeira, COS Kawamoto, and ACO Keawe state plausible claims for relief and SHALL be served and will require a response.

(4)  Plaintiff is PROVISIONALLY GRANTED in forma pauperis status for service of the FAC as limited to these claims alleged against Defendants Espinda, Sequeira, Kawamoto, and Keawe.  Plaintiff SHALL file a fully completed in forma pauperis application on or before December 30, 2019.

(5) The Clerk of Court is DIRECTED to send the U.S. Marshal a copy of this Order, a copy of the First Amended Complaint, ECF No. 26, and one completed summons for Defendants DPS Director Nolan Espinda, HCF Warden Francis Sequeira, COS Kawamoto, ACO Keawe, to retain in the event that personal service is required for any Defendant.

The Clerk SHALL provide by electronic means to **DPS liaisons Laurie Nadamoto, Esq., and Shelley Nobriga, Esq.**:  (a) a copy of this Order and of the First Amended Complaint, and one completed Notice of Lawsuit and Request for Waiver of Service of Summons form for each of these Defendants; and (b) two completed waiver of service of summons forms for each of these Defendants. Defendants shall have **30 days** after the requests are sent to **return the waivers to the court.**  Defendants shall file a response to Plaintiff's First Amended Complaint as limited herein **within 60** days after electronic service (if formal service is waived), **45 days** if service is not waived.

(6) The Clerk is DIRECTED to send Plaintiff a blank prisoner civil rights complaint form, in the event he elects to amend claims dismissed herein without prejudice, and in forma pauperis application, so that he may comply with the directions of this Order.

(7) Plaintiff's Motion for Transfer, Mental Health Medical Care, [and] Constitutional Rights; Motion for Order; and Motion for Monetary Damages and to be Transferred Out of HCF, ECF Nos. 37-39, are DENIED.

(8) The Stay of Proceedings is LIFTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 2, 2019.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Pauline v.Director DOJ, et al.*, No. 1:19 cv 00167 LEK KJM; Scrng '19 ( dsm FAC part dir. SVC, 14A OCCC)