# MINUTE ORDER

CASE NUMBER:    CIVIL NO. 19-00167 LEK-KJM

CASE NAME:    Alden Pauline Jr., v. Director of DOJ et al.,

JUDGE:    Leslie E. Kobayashi         DATE:        4/1/2020

COURT ACTION:  EO:  On March 11, 2020, Plaintiff sent a letter to Chief U.S. District Judge J. Michael Seabright complaining that this Court "keep[s] taking the Attorne[y] General[']s" side in this case, and requesting Judge Seabright to "look in to this on going issue." [ECF No. 60].  In support, Plaintiff attached a copy of his February 24, 2020 Motions [ECF No. 57], that this Court denied on February 27, 2020 [ECF No. 58].  Judge Seabright responded that he lacks jurisdiction to review, overrule, or modify any actions taken by this Court. [ECF No. 61].

To the extent Plaintiff is moving for this Court to recuse from this action because it has ruled in Defendants' favor and against him at times, that motion is DENIED. A judge is required to recuse under 28 U.S.C. § 455(b) when he or she "has a personal bias or prejudice concerning a party."  Recusal is required when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (stating, a "reasonable person" is neither "hypersensitive or unduly suspicious") (quotations omitted).  Prior "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Likety v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff's fails to show *any* evidence of this Court's favoritism to Defendants or antagonism to himself, nor does the record reflect such bias. To the contrary, the Court has carefully read Plaintiff's many formal and informal requests and motions. These documents are often difficult to understand and seek relief that is either premature or improper.  Nonetheless, the Court has considered and responded to each document Plaintiff has filed and will continue to do so.  Plaintiff's Motion for Recusal [ECF 57] is based solely on his own unreasonable interpretation of the Court's prior rulings, and in particular, the February 27 Order.  The Court discerns no reason to reconsider the February 27 Order, or any other past decision in this action.  Plaintiff's Motion for Recusal is DENIED.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager